# ATTACHMENT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT HOFFMAN, CURTIS TUCKER, ERIK SKOGLUND, MICHAEL COMPTON and AARON BRUCE, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 12 C 7323 |
| ROADLINK WORKFORCE SOLUTIONS, LLC, SCHNEIDER LOGISTICS, INC, and SCHNEIDER TRANSLOADING AND DISTRIBUTION, INC., | ) ) ) ) ) | Judge Feinerman |
| Defendants. | ) ) | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement is made by and between Vincent Hoffman, Curtis Tucker, Erik Skoglund, Michael Compton and Aaron Bruce (collectively "Plaintiffs"), on behalf of themselves and other similarly situated persons (the "Settlement Class") and Defendants Schneider Logistics, Inc. ("Schneider Logistics"), and Schneider Logistics Transloading and Distribution, Inc. ("Schneider Distribution"), and Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC ("RoadLink"), (collectively "Defendants").

1. **DEFINITIONS**

   1.1. The terms "Administration Costs" means the costs associated with administering and distributing the Settlement Amount, including the fees and costs of the Claims Administrator.

1.2.    The terms "Agreement" or "Settlement Agreement" mean this Stipulation of Settlement.

1.3.    The term "Claim Form" means the document by which Class Members can make a claim for settlement proceeds or opt-out of the settlement, in the form attached as Exhibit B.

1.4.    The term "Claims Administrator" means Settlement Services, Inc., which has been jointly designated by counsel for the parties to administer the claims process pursuant to this Stipulation of Settlement and order of the Court.

1.5.    The terms "Class Action Notice" mean a notice of this Litigation and Settlement to Class Members in the abridged form attached as Exhibit C or the unabridged form attached hereto as Exhibit D.

1.6.    The term "Class Member" means a person who meets the class definition in Section 6, and who has not filed a written request to 'opt out' of the Litigation. A list of putative Class Members is attached as Exhibit A.

1.7.    The term "Class Settlement Fund" means the remainder of the total Settlement Amount less attorneys' fees and costs as provided in Section 14, the enhancement awards to Named Plaintiffs as provided in Section 13, and all costs associated with claims administration as described in Section 9 except as provided in Section 11.3.2 below.

1.8.    The term "Court" means the United States District Court for the Northern District of Illinois.

1.9.    The term "Defendants" means Defendants Schneider Logistics, Schneider Distribution and RoadLink, collectively.

1.10.   The term "Defendant RoadLink's Counsel" means all counsel who appeared as attorneys of record on behalf of Defendant RoadLink in the Litigation, or who subsequently so appeared.

1.11.   The term "Defendants Schneider Logistics, Schneider Distribution's Counsel" means all counsel who appeared as attorneys of record on behalf of Defendants Schneider Logistics and Schneider Distribution in the Litigation, or who subsequently so appeared.

1.12.   The term "Effective Date" means the date on which the time for appeal has passed following final Court approval, or, in the event of an appeal, the date on which the appeal is finally resolved.

1.13.   The term "Filing Deadline" means the final day on which a Class Member may make a claim for a payment from the Class Settlement Fund or file a written request to opt-out of this Litigation, and shall be sixty (60) from the date this matter is preliminarily approved.

1.14.   The term "Final Order" means the Court's action granting final approval of this Agreement, or in the event of an appeal of such order, the appellate order upholding the Court's order.

1.15.   The term "Litigation" means this class action lawsuit filed in the United States District Court for the Northern District of Illinois, entitled *Hoffman et al. v. RoadLink Workforce Solutions, LLC et al.,* Case No. 12 C 7323.

1.16.   The term "Named Plaintiffs" means Vincent Hoffman, Curtis Tucker, Erik Skoglund, Michael Compton and Aaron Bruce.

1.17.   The term "Parties" means the Named Plaintiffs (including on behalf of themselves and the Class Members) and Defendants.

1.18.   The term "Payees" means all Class Members who timely file valid claims for

settlement proceeds.

1.19. The terms "Plaintiffs' Counsel" and "Class Counsel" means Workers' Law Office, PC.

1.20. The term "Preliminary Approval" means the Court's Order granting preliminary approval of this Agreement, a draft of which is attached as Exhibit F.

1.21. The term "Released Parties" means Schneider Logistics, Schneider Distribution and RoadLink and, for each, their parents, managers, divisions, subsidiaries, affiliates, predecessors, succecesors, and all of their past, present, and future trustees, fiduciaries, owners, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers, benefit plans, representatives and attorneys.

1.22. The term "Remainder Amount" means the unclaimed portion of the Class Settlement Fund that remains after payments have been made to Class Members who successfully file a claim on the Class Settlement Fund.

1.23. The term "Settlement Amount" means the sum of One Hundred and Twenty-Five Thousand Dollars ($125,000.00), described below in Section 12.

1.24. The term "Settlement" or "Agreement" means the Parties' compromise of this Litigation as set forth in this Agreement.

1.25. The term "Settlement Period" means the period between May 1, 2012 to June 1, 2013.

1. **BACKGROUND**

2.1. On September 13, 2012, Plaintiffs Vincent Hoffman, Phillip Bailey, Curtis Tucker and Erik Skoglund, on behalf of themselves and other similarly situated persons, filed a Complaint in the United States District Court for the Northern District of Illinois, generally alleging violations of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA"), the Illinois

Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1, *et seq.* ("IDTLSA") (hereafter the "Lawsuit"). On September 20, 2012, Plaintiffs filed a First Amended Complaint. On April 15, 2013, a Second Amended Complaint was filed by Plaintiffs, Vincent Hoffman, Curtis Tucker, Erik Skoglund, Michael Compton and Aaron Bruce on behalf of themselves and all other persons similarly situated. On August 28, 2013, a Third Amended Complaint was filed by the same Plaintiffs who filed the Second Amended Complaint. On August 22, 2014, a Fourth Amended Complaint, which is the operative Complaint in this matter, was filed by the same Plaintiffs named in the Second and Third Amended Complaints.

2.2.    Plaintiffs and Defendants participated in a day long mediation session on March 5, 2015 presided over by former Magistrate Judge Morton Denlow, and reached an agreement on all material terms in this matter on a class-wide basis.

2.3.    The Parties now jointly seek to certify a class of persons, for settlement purposes only, pursuant to Fed. R. Civ. P. 23, as to Plaintiffs' class action claims brought under the IMWL, IWPCA and IDTLSA as set forth in Counts III-XI of their Fourth Amended Complaint

2.4.    The Parties seek to resolve all claims for collective relief under the FLSA as set forth in Counts I and II of the Fourth Amended Complaint consistent with and under the same terms as the resolution of the Rule 23 class claims for unpaid wages under the IMWL, so that all claims for unpaid wages are settled and resolved and Class Members release the Released Parties from such claims under both state and federal law.

2.5.    The Parties further seek to settle any and all individual claims of Named Plaintiffs, Aaron Bruce and Curtis Tucker, as set forth in Count XII of the Fourth Amended Complaint.

## 3.    SCOPE, PURPOSE AND BENEFITS OF THE SETTLEMENT

3.1.    This Agreement is intended to, and does effectuate, the full, final, and complete resolution of the Litigation. The Named Plaintiffs will provide Defendants with a full and complete release, as defined in Section 7 of this Agreement.

3.2.    This Agreement identifies the procedures for notice to Class Members and calculation of subsequent claims for allegedly unpaid wages, allegedly unpaid overtime pay, alleged four-hour minimum pay, and damages for notice violations under the IDTLSA. This procedure will resolve Plaintiffs' and Class Members' claims brought in the Lawsuit.

## 4.    JURISDICTION

The Court has jurisdiction over the Parties, Class Members and the subject matter of the Litigation. The Parties shall seek the Court's consent to retain jurisdiction of the Litigation for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein.

## 5.    DEFENDANTS' STATEMENT OF NO ADMISSION OF LIABILITY; NO EVIDENTIARY EFFECT

5.1.    This Agreement, including all exhibits and related documents presented in the course of litigation and/or settlement negotiations, does not constitute, and is not intended to constitute, and will not be deemed to constitute, an admission by Defendants or any of the other Released Parties as to the merits of the allegations or claims made in the Litigation.  Defendants deny that they have violated any applicable state or federal laws in the manner alleged or in any manner.

5.2.    Whether or not the Settlement is finally approved by the Court, nothing in this Agreement, including any action taken in implementation thereof, any statements, discussions or communications, and any materials prepared, exchanged, issued or used during the course of the Litigation or the negotiations leading to the Agreement, is intended to be introduced, be used or be admissible in any way in the Litigation or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used in any proceeding in a court that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders or judgments of the Court entered in connection therewith, such as, but not limited to the interpretation, implementation, or enforcement of any issue related to class action litigation instituted against RoadLink.

5.3.    If this Agreement is not approved by the Court or by an appellate court, Defendants will not be deemed to have waived, limited, or affected in any way any objections or defenses in the Litigation.

## 6.    DEFINITION OF SETTLEMENT CLASS

6.1.    In order to implement the terms of this Agreement, Named Plaintiffs and Defendants agree to seek certification by the Court of the following settlement class, pursuant to Fed. R. Civ. P. 23:

> All persons employed or hired by Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC ("RoadLink"), coded in RoadLink's payroll department to "IL-Elwood Schneider," and who were paid or agreed to be paid at an hourly rate, and were assigned by RoadLink to perform work at the warehouse in Elwood, IL operated by Schneider Logistics, Inc., whether or not the employee actually performed work, from May 1, 2012 to June 1, 2013.

6.2.    All known Class Members are identified in Exhibit A, attached hereto. Any individual not identified by Defendants in Exhibit A will not be considered a Class Member for purposes of this Agreement and will not be bound by the Settlement.

## 7.    WAIVER, RELEASE AND DISMISSAL

7.1.    <u>General Release of Claims by the Named Plaintiffs</u>. In addition to the foregoing, the Named Plaintiffs, on behalf of themselves and their heirs, legatees, personal representatives and assigns, hereby release the Released Parties from any actions, claims, charges, demands, liabilities, obligations, fees, or suits of any kind, whether known or unknown, which the Named Plaintiffs have, have had or may have arising from their employment with Defendants, from the beginning of time through the Effective Date of this Agreement. Without limiting the generality of the foregoing, this release includes: (i) any claims or allegations asserting discriminatory termination, harassment or retaliation; (ii) all claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.,* the IWPCA, 820 ILCS 115/1, *et seq.*, Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq*., the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*., the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.,* Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*., the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq*., the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq*., the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq*., and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq*.; (iii) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise.  The Named Plaintiffs will be required to execute a General Release, in the forms attached hereto as Exhibits E-1 and E-2, as a condition

to receiving any payments to which they are entitled under Section 13 below.  In the event that any Named Plaintiff does not execute a General Release, or revokes the General Release, then that Named Plaintiff shall be deemed to have failed to satisfy the condition on receiving payments to which he is entitled otherwise under the Agreement.  To the extent any payments have been paid to the Named Plaintiff prior to revocation of the General Release, the Named Plaintiff shall return all such payments to the Claims Administrator.

7.2.   <u>Binding Effect of Waiver and Release of Claims</u>.    Upon the Court's issuance of the Final Order, the general release of claims shall be binding on the Named Plaintiffs and shall be binding on their heirs, legatees, personal representatives or anyone claiming through them.

7.3.   <u>Settlement of Claims by Class Members</u>.    Upon the Court's issuance of the Final Order, the Class Members, on behalf of themselves and their heirs, legatees, personal representatives and assigns, hereby release and discharge the Released Parties from all claims raised in the Litigation.  Specifically, Class Members release Defendants and the Released Parties from any and all claims for unpaid minimum and overtime wages under the FLSA, 29 U.S.C. § 201, *et seq*., the IMWL, 820 ILCS 105/1, *et seq*., from any all claims of unpaid accrued paid time off benefits under IWPCA, 820 ILCS 115/1, *et seq*., and from any and all claims for unpaid minimum four-hour show-up pay or notice violations under the IDTLSA, 820 ILCS 175/1, *et seq*.

7.4.   <u>Covenant Not to Sue</u>. Except as to such rights or claims as may be created by the Settlement Agreement, and to the fullest extent permitted by law, Class Members agree not to sue Defendants or the Released Parties for any claims covered by the release in this Settlement Agreement.

7.5.    <u>Release Among Defendants</u>.  Schneider agrees to generally release RoadLink and its respective individuals and entities defined as Released Parties in Paragraph 1.21 herein, and RoadLink agrees to generally release Schneider and its respective individuals and entities defined as Released Parties in Paragraph 1.21 herein, as to any issues and claims raised or which could have been raised in this Litigation, including but not limited to recover defense costs or settlement payments paid by each.  This release is not intended to release any claims arising out of other business transactions between Schneider and RoadLink.  Except as to such rights or claims as may be created by the Settlement Agreement, and to the fullest extent permitted by law, Defendants agree not to sue each other for any claims covered by the release in this Paragraph 7.5 or within this Agreement generally.

7.6.    Upon the Court's issuance of the Final Order, this Agreement shall act as a final settlement of all claims raised in the Litigation.  Upon full performance of all terms and conditions of the Settlement, the Parties agree that the Litigation will be dismissed with prejudice and, through their respective counsel, will take all steps reasonably necessary to seek such dismissal from the Court.

## 8.    CONDITIONS OF SETTLEMENT

8.1.    This Stipulation of Settlement is expressly contingent on the following conditions precedent:

8.1.1.  The Court preliminarily approves this Stipulation of Settlement and the Notice and Claim Form;

8.1.2.  The Court certifies the Class as defined in Section 6;

8.1.3.  The Court conducts a Fairness Hearing; and

8.1.4.  The Court issues a Final Order approving this Stipulation of Settlement and dismissing the Litigation as provided in Section 10.

8.2.    The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of implementing and achieving the conditions set forth above, including without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or institution of other action or proceedings seeking review of the Final Order or seeking the assertion of any cause of action contemplated or released by this Stipulation of Settlement. The Parties further agree that the case shall be stayed in all respects during the process of satisfying the conditions precedent as provided herein, until the entry of a Final Order is no longer a possibility as determined by this Court or a court of appeal.

8.3.    Plaintiffs' Counsel shall move for Preliminary Approval of this Settlement, in the form of an Unopposed Motion for Preliminary Approval of the Agreement.  Within ten (10) business days of the Court's Preliminary Approval, the Parties shall execute this Agreement.

8.4.    If the Court does not enter a Final Order approving the Settlement, or, in the event of an appeal, the Final Order is not upheld, all matters covered by this Agreement shall be null and void.  In such event, Defendants shall be under no obligation to make any payment under this Agreement, and nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation. Further, should a Final Order not be entered and/or upheld on appeal, the Parties shall not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Litigation, as if this Stipulation of Settlement never existed.

## 9.    NOTICE AND FILING OF CLAIMS AND OPPORTUNITY TO OPT-OUT

9.1.    <u>Class Action Notice to the Class Members</u>

9.1.1.  No later than fourteen (14) business days after the Court's Preliminary Approval, RoadLink will tender to the Claims Administrator a list containing the last

11

known mailing address it has in its records for each of the Class Members identified in Exhibit A (hereafter referred to as the "Preliminary Notice List").

9.1.2. No later than fourteen (14) business days after receiving the Preliminary Notice List, the Claims Administrator shall mail by Regular First Class Mail ("First Mailing") to each Class Member for whom an address has been provided by RoadLink, the Claim Form, a copy of which is attached as Exhibit B, and the Abridged Notice of Class Action Settlement ("Abridged Notice") attached as Exhibit C. The Abridged Notice shall include instructions for filing a claim or opting-out of the settlement of this Litigation as well as a brief description of the Settlement and instructions on how to receive the unabridged version of the Class Action Notice of this Litigation and Agreement ("Unabridged Notice"), a copy of which is attached hereto as Exhibit D.

9.1.3. Prior to the First Mailing, the Claims Administrator shall attempt to reasonably identify the most current address for each Class Member by undertaking a search through the National Change of Address ("NCOA") database.

9.1.4. The Claims Administrator shall promptly conduct a second mailing to any Class Member whose Class Action Notice is returned as undeliverable within fifty (50) days of the First Mailing and for whom a forwarding mailing address is provided ("Second Mailing").

9.1.5. If, after any Second Mailing, the Class Action Notice is returned as undelivered, and if no different forwarding address is provided by the U.S. Postal Service, and the Class Member does not otherwise exclude him or herself from the Settlement, the notice mailing process shall end for that Class Member and that Class

Member will be deemed to have not opted-out of the Settlement and shall be bound by this Agreement.

9.1.6. Any time between the date of the First Mailing through the Filing Deadline, the Claims Administrator shall mail the Claim Form and the Class Action Notice to any Class Member who requests one or who makes such request to Class Counsel.

9.1.7. Seven (7) days prior to the Filing Deadline, the Claims Administrator shall provide Class Counsel, Counsel for RoadLink and Counsel for Schneider with a list of the names of all Class Members to whom Class Action Notices were sent in a Second Mailing.

9.2.    Claim Forms

9.2.1. Claims Forms returned by Class Members shall be addressed to the Claims Administrator.

9.2.2. Class Members shall be given sixty (60) calendar days from the date of the First Mailing of the Class Action Notices and Claim Forms  as the date appears on the Claim Forms to submit their completed, unaltered Claim Forms.

9.2.3. For Claim Forms that are returned to the Claims Administrator with a postmark date that is after Filing Deadline, the Claims Administrator shall notify those individuals by letter sent Regular, First Class mail that their claims are untimely and that they are not eligible to receive any monetary award provided under the Settlement.

9.2.4. Individuals who fail to submit timely, unaltered and complete Claim Forms are not deemed to have opted out of the Settlement, and are bound by this Agreement including the release provision contained herein.

9.2.5.  The Class Action Notice and Claim Form shall plainly inform putative Class Members that if a Claim Form is determined by the Claims Administrator to be incomplete or altered, the claim will be denied.  If a claim is denied for being incomplete or altered, the Claims Administrator shall send a letter by Regular First Class mail advising the claimant of the deficiency and advising the claimant that he has fourteen (14) calendar days from the date the deficiency notice is mailed to the claimant, or the Filing Date, whichever is longer, to correct the deficiency and re-submit the Claim Form. The envelope containing the re-submitted Claim Form must be returned to the Claims Administrator with a postmark no later than fourteen (14) calendar days after the date the deficiency notice is mailed to the claimant or up to the Filing Deadline, whichever is later, to be timely.

9.2.6.  Within five (5) days after the Filing Deadline, or as otherwise requested by Plaintiffs' Counsel, RoadLink's Counsel or Schneider's Counsel, the Claims Administrator shall provide Class Counsel and Defendants' counsel with: (a) a list of all individuals who submitted timely and complete Claim Forms and who the Claims Administrator believes should be included as Payees; (b) a list of all individuals who submitted untimely Claim Forms, (c) a list of individuals who submitted incomplete Claim Forms and who did not correct the deficiency, (d) a list of individuals who submitted altered Claim Forms who whom did not correct the deficiency, and (e) copies of all Claim Forms submitted attached to copies of the envelopes in which they were sent. The copies of the envelopes in sub-paragraph (e) shall show the postmark date.

9.2.7.  Claims may be filed by deceased claimants through legal representatives of their estate if appropriate documentation (letters testamentary or the equivalent) is

provided. Otherwise, all requirements for claims must also be followed. Any claims paid to a deceased claimant shall be made payable to the estate of the deceased person.

9.3. <u>Opportunity to Opt-Out and Opt-Out Period</u>

9.3.1. A Class Member electing to be excluded from this Settlement and the Litigation must file with the Court a written request to opt-out of the Settlement no later than the Filing Deadline, and promptly serve a copy of the request served on Class Counsel, RoadLink's Counsel and Schneider's Counsel, . The Filing Deadline applies notwithstanding any assertion of non-receipt of the Class Action Notice by any Class Member.

9.3.2. This Agreement and Final Order shall not apply to persons who opt-out of the Litigation in accordance with Section 9.3.1. Any such person shall be excluded from the Settlement, and shall not be entitled to any payment pursuant to this Agreement. the Preliminary Approval Order shall provide that no Class Member will purport to exercise any exclusion rights of any other person, or purport to opt-out other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative. Any such purported opt-outs shall be void, and the Class Members that are the subject of the purported opt-out shall be treated as Settlement Class Members for all purposes.

9.3.3. If ten percent (10%) or more of the Class Members opt-out of the Settlement, either Defendant will have the unilateral right to declare the settlement void.

## 10. COURT PROCEEDINGS

This Agreement establishes procedures to secure final Court approval of the Settlement. These procedures are governed exclusively by the terms and conditions set forth in this Agreement.

10.1.    Plaintiffs' Counsel will file a Motion for Preliminary Approval of this Agreement with the Court.  A copy of this Agreement will be included as an exhibit to Plaintiffs' Motion.

10.2.    The Parties will request the Court to conduct a Fairness Hearing on a date to be scheduled by the Court for purposes of reviewing the Settlement, evaluating objections by Class Members, if any, and deciding whether to issue a Final Order granting final approval of this Agreement and dismissing the Complaint with prejudice.   As a part of the Plaintiffs' Unopposed Motion for Final Approval of Class Settlement, the Parties will include all relevant information and reports regarding notice to the class.  The Parties will request that the Fairness Hearing be scheduled within thirty (30) days after the Filing Deadline.

10.3.    This Agreement is contingent upon the issuance of the Final Order.  The Parties agree to take all reasonable steps as may be necessary to secure the Court's approval of this Agreement, to the extent not inconsistent with the terms of this Agreement.  The Parties further agree that they will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval, of the Agreement.  The Parties expressly agree that they will not file any objection (other than a request for correction) to the terms of this Agreement and will not assist or encourage any person or entity to file any such objection.

10.4.    The Parties will request that the Final Order provide for the Court to retain jurisdiction over the Litigation for a period not to exceed one hundred and eighty (180) days for the sole purpose of administering and enforcing the terms of the Settlement, after which time the Litigation will be dismissed with prejudice absent further order of the Court.

## 11.    DUTIES OF THE CLAIMS ADMINISTRATOR AND COSTS FOR SAME

11.1.    All costs associated with the administration of claims by the Claims Administrator shall be paid from the Settlement Amount up to Ten Thousand Dollars

($10,000.00) and any amounts which exceed Twelve Thousand Dollars ($12,000.00). Any costs associated with the administration of claims by the Claims Administrator that exceed Ten Thousand Dollars ($10,000) up to and including Twelve Thousand Dollars ($12,000.00) shall be paid by RoadLink.

11.2.   The Claims Administrator will: (1) establish a Qualified Settlement Fund ("QSF") pursuant to Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1, 26 C.F.R. §1.468B-1, *et seq.,* which shall be an interest bearing account at a federally-insured bank that is mutually acceptable to RoadLink and the Claims Administrator; (2) act as a fiduciary with respect to the handling, management, and distribution of the Settlement Amount; (3) calculate, withhold, remit and report each eligible Class Member's share of applicable payroll taxes (including, without limitation, federal, state and local income tax withholding, FICA, Medicare, and any state or local employment taxes), with the employer's share of any such taxes being paid out of the QSF; (4) issue payments pursuant to the terms of the Parties' Agreement; (4) satisfy, out of the QSF, all (i) taxes (including estimated taxes, interest or penalties) with respect to any interest or other income earned by the QSF, and (ii) fees, expenses, and costs incurred in connection with the opening and administration of the QSF and the performance of its and functions as described in this agreement., with such taxes, fees, costs and expenses shall be treated as, and included in, the costs of administering the QSF and as Claims Administration costs; (5) undertake a search through the NCOA database for purpose of identifying the most recent address for Class Members prior to the First Mailing; (6) print, prepare and mail the Class Action Notice and Claims Forms to Class Members along with a stamped return envelope; (7) seek additional information from Class Counsel, RoadLink's Counsel or Schneider's Counsel when appropriate or necessary; (8) receive and file opt-out statements, objections and rescissions

of opt-out statements; (9) receive and review the Claim Forms submitted by Class Members to determine if the Claim Form is timely, unaltered and complete; (10) notify those Class Members whose Claim Forms are incomplete or altered and providing them with an opportunity to correct the deficiencies; (11) notify those Class Members whose Claim Forms were submitted untimely that they are not eligible for a monetary award; (12) keep track of and inform Class Counsel, RoadLink's Counsel and Schneider's Counsel of all Claim Forms submitted by Class Members including maintaining the original envelope in which the Claim Form was submitted; (14) provide a copy of all Claim Forms and copies the envelopes in which the Claim Forms were returned showing the postmark date to Class Counsel, RoadLink's Counsel and Schneider's Counsel at the conclusion of the Filing Deadline; (15) distribute the Settlement Fund as provided in this Settlement Agreement; (16) enforce the deadlines for claimants to submit their Claim Forms and for Class Members to affirmatively opt-out and opt-in; (17) conduct a Second Mailing for any individual for whom the First Mailing was returned with a forwarding address; (18) prepare affidavits as necessary for the filing of the preliminary and final approval motions; (19) prepare lists for Class Counsel, RoadLink's Counsel and Schneider's Counsel summarizing the names of Class Members to whom Class Action Notices were sent in a Second Mailing, those whose Claim Forms have been returned as undeliverable, those who returned timely and complete Claim Forms, those who returned untimely Claim Forms, those who submitted incomplete Claim Forms and whom did not correct the deficiency, those who completed altered Claim Forms and who did not correct the deficiency, and (20) perform any other duties necessary to carry out its responsibilities as set forth in this Agreement.

## 12.    FUNDING THE SETTLEMENT

12.1.   Within fourteen (14) business days from the date of Preliminary Approval, the Claims Administrator shall: (a) establish at a federally-insured financial institution a settlement account that the Parties agree shall be treated as a "Qualified Settlement Fund" ("QSF") as defined under Section 468B of the Internal Revenue Code and Tres. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, *et seq*. in the name of Settlement Services, Inc. as Claims Administrator for the Litigation for the purpose of holding the Settlement Amount, and (b) provide written notice to RoadLink's Counsel of the information needed to deposit the Settlement Amount into the settlement account.

12.2.   The Claims Administrator shall select the financial institution with the approval of RoadLink, but such approval shall not be unreasonably withheld.

12.3.   The Settlement Amount shall include and retain all income and interest earned in the settlement account.  The Claims Administrator shall provide copies of any settlement account statements to Class Counsel, RoadLink's Counsel and Schneider's Counsel as such statements are regularly issued, either electronically or in hard copy.

12.4.   Within seven (7) business days from the date that the Claims Administrator provides notice to RoadLink's Counsel of the information needed to deposit the Settlement Amount into the settlement account, RoadLink shall deliver to the Claims Administrator the Settlement Amount of One Hundred and Twenty-Five Thousand Dollars ($125,000.00) from which the Claims Administrator shall pay the Payees, Named Plaintiffs as consideration for their general releases and for their enhancement awards, Plaintiffs' attorneys' fees and costs as approved by the Court, and costs of the Claims Administrator up to Ten Thousand Dollars ($10,000.00) and above Twelve Thousand Dollars ($12,000.00).  In the event that this Settlement Agreement is not finally approved by the Court, all monies deposited in the settlement account

by the Claims Administrator, less any administration costs incurred by the Claims Administrator up to that point, shall be returned to RoadLink within ten (10) business days of the Court's order affirmatively ruling that the Settlement is not finally approved. In no event shall the Claims Administrator withdraw, transfer, pledge, impair or otherwise make use of the funds in the settlement account except as expressly provided for in this Settlement Agreement.

12.5. Except as otherwise specified in this Agreement, each party shall bear all fees and expenses incurred as a result of complying with their obligations under this Agreement.

12.6. The Settlement Amount, less the payments made to the Named Plaintiffs as consideration for their general releases for their enhancement awards, amounts paid to Plaintiffs' attorneys' for their fees and costs as approved by the Court, and costs of the Claims Administrator up to Ten Thousand Dollars ($10,000.00) and above Twelve Thousand Dollars ($12,000.00) shall constitute the Class Settlement Fund and will be distributed to the Class Members and Named Plaintiffs as provided for in Sections 12 and 13 of this Agreement. The employer's share of payroll expenses shall be paid from the Class Settlement Fund.

12.7. All payments provided for in this Agreement will be made from the Settlement Amount, and in no event will Defendants' total financial responsibility under this Agreement exceed the Settlement Amount except for any administration costs owed to the Claims Administrator above Ten Thousand Dollars ($10,000.00) and up to Twelve Thousand Dollars ($12,000.00).

## 13.    NAMED PLAINTIFFS' PAYMENTS

13.1. Each Named Plaintiff shall receive a payment of Two Thousand Dollars ($2,000.00) amounting to a total of Ten Thousand Dollars ($10,000.00) of the Settlement Amount in consideration for their General Releases, attached as Exhibits E-1 and E-2, and as an

enhancement payment for their roles in litigating this matter as representatives for the Class Members.  The Claims Administrator shall cause an IRS Form 1099 to be issued to each Named Plaintiff for this payment.

13.2.   The enhancement payment to each Named Plaintiff shall be in addition to the *pro rata* share of the Class Settlement Fund each Named Plaintiff is entitled to receive.

13.3.   Within fourteen (14) business days after the latter to occur of: (i) Effective Date, and (ii) each Named Plaintiffs having returned to RoadLink's Counsel and Schneider's Counsel an executed General Release, the Claims Administrator shall cause payments to the Named Plaintiffs, c/o Class Counsel, Workers' Law Office, PC., 53 West Jackson Blvd., Suite 701, Chicago, Illinois 60604, from the Class Settlement Fund.

13.4.   Payments to each Named Plaintiff of their respective *pro rata* share of the Class Settlement Fund shall be in the same manner as payments to all Class Members who properly file a claim as described in Section 9 above and with the same tax treatment as payments to all Class Members as set forth in Section 16 below.  The Named Plaintiffs' *pro rata* share of the Class Settlement shall be made payable to each Named Plaintiff and the Claims Administrator shall mail such payments to Class Counsel.

## 14.   ATTORNEYS' FEES AND COSTS.

14.1**.**   Defendants agree not to oppose Class Counsel's petition to the Court for attorneys' fees and costs in prosecuting this matter for no more than one third of the total Settlement Amount,

14.2.   The amount of attorneys' fees and costs awarded to Class Counsel as permitted by the Court shall be deducted from the Class Settlement Amount.

14.3.   Within seven (7) days following the Effective Date of this Settlement, the Claims

Administrator shall issue a check payable to Workers' Law Office, PC (EIN #68-0621167) in an amount determined by the Court upon motion by Class Counsel as compensation for all attorneys' fees and costs incurred in connection with this case, this Settlement, and any appeal, including but not limited to: (i) obtaining Preliminary Approval from the Court; (ii) administering the settlement and responding to inquiries from Class Members regarding the Settlement; (iii) assisting Class Members; (iv) assisting in resolving any objections; and (v) defending the Settlement and securing the Final Order, including the conduct of any appellate action. The Claims Administrator shall deliver such checks to Workers' Law Office, PC at 53 W. Jackson Blvd, Chicago, Illinois 60604.

**15.     DISTRIBUTION OF THE CLASS SETTLEMENT FUND**

15.1.    <u>Settlement Amount</u>.    Defendants' total obligation under this Agreement shall not exceed One Hundred and Twenty-Five Thousand Dollars ($125,000.00), except to the extent that RoadLink is responsible for payment of any administration costs incurred by the Third Party Claims Administrator that exceed Ten Thousand Dollars ($10,000.00) up to Twelve Thousand Dollars ($12,000.00).

15.2.    <u>Conditions for Payment to Class Members</u>.    To receive a payment under this Section 15, a Class Member must complete and sign the Claim Form without deletion or amendment any language, and return the Claim Form to the Claims Administrator postmarked no later than the Filing Deadline.  Class Counsel may respond to requests from Class Members for assistance in completing the Claim Form.  Any person who fails to submit a valid, unaltered, complete and timely Claim Form shall receive no benefit from this Settlement.  Any completed Claim Form that is returned to the Claims Administrator postmarked after the Filing Deadline shall be deemed untimely and invalid.

15.3.    Amount of Payments to Class Members.        Each Named Plaintiff and each Class Member who satisfies the conditions stated in Section 15.2 shall receive a proportional share of the Class Settlement Fund determined as follows:

15.3.1.        Each Named Plaintiff and each Class Member who timely submits an unaltered and complete valid Claim Form shall receive a minimum payment of One Hundred Dollars ($100.00) from the Class Settlement Fund.

15.3.2.        Each Named Plaintiff and each Class Member who timely submits an unaltered and complete valid Claim Form shall also receive a *pro rata* share of the remaining balance of the Class Settlement Fund based on the number of shifts each worked during the class period as determined by RoadLink's payroll records. The maximum amount each Class Members may be eligible to receive under this subsection shall be Ten Dollars ($10.00) per shift.

15.3.3.        In the event that any amount remains after each Class Member has received the maximum allowable amount in subsections 15.3.1 and 15.3.2 shall become part of the Remainder Amount.

15.3.4.        All checks that have not been cashed or otherwise claimed within ninety (90) calendar days from the date the Claims Administrator mails the checks shall become part of the Remainder Amount.

## 16.    TAXATION

16.1.    Half of each settlement payment made to each Class Member pursuant to Section 15 shall be treated as payment for back wages and the Claims Administrator shall deduct customary and required tax deductions from the settlement payments to Class Members and a tax form W-2 shall be issued to each Class Member who cashes his settlement check for each such

settlement payment. Defendants' share of federal, state and local payroll taxes on the W-2 payments shall come from the Settlement Amount.

16.2.    The other half of each settlement payment made to each Class Member pursuant to Section 15 shall be treated as payment for liquidated damages and, for each such payment, the Claims Administrator shall issue an IRS Form 1099 to each Class Member who cashes his settlement check.

16.3.    For all payments to each named Plaintiff and to Class Members, IRS Tax Forms will be distributed by the Claims Administrator at times and in the manner required by the Internal Revenue Code of 1986 (the "Code") and consistent with this Agreement.

16.4.    If the Code, the regulations promulgated thereunder, or other applicable tax law change after the date of this Agreement, the processes set forth in this section may be modified with the approval of the Court in a manner to bring Defendants into compliance with any such changes.

## 17.    REMAINDER AMOUNT

17.1.    Each settlement check issued Class Members shall be marked "Void After Ninety (90) Days," and ninety (90) calendar days after settlement payments are issued, any checks not negotiated shall be voided and any such funds shall become part of the Remainder Amount.

17.2.    Any monies not distributed from the Class Settlement Fund to Class Members pursuant to Section 15 of this Agreement shall also become part of the Remainder Amount.

17.3.    Within thirty (30) calendar days after the deadline for Class Members to negotiate their award checks has passed, any Remainder Amount shall revert to RoadLink.

## 18.    LIMITATIONS ON THE USE OF THIS SETTLEMENT

18.1.    Defendants deny that it engaged in any illegal or improper conduct. This Stipulation of Settlement, including all exhibits and related documents, does not constitute, is not

intended to constitute, and will not be deemed to constitute an admission by Defendants as to the merits of any of the allegations or claims made in the Litigation. Rather, Defendants deny all of the allegations in the Litigation and deny any and all liability of any kind to anyone with respect to the alleged facts and causes of action asserted in the Litigation.

18.2.    Nothing in this Settlement, including any action taken in implementation thereof, any statements, discussions or communications, and any materials prepared, exchanged, issued or used during the course of the negotiations leading to the Settlement, is intended to be introduced, used or deemed admissible in any way in the Litigation or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Settlement may be used in any proceeding that has as its purpose the interpretation, implementation, or enforcement of the Settlement, or any orders, rulings or judgments of the Court entered in connection therewith.

18.3.    If this Agreement shall not enter force because the Court does not issue the Final Order, or the Final Order is reversed or substantially modified, or for any other reason, then this Agreement shall be considered null and void. In that event, neither this Agreement nor any of the related negotiations or proceedings shall be of any force or effect, and all Parties shall stand in the same position, without prejudice, as if the Settlement had been neither executed nor filed with the Court, and neither the Settlement Class nor Class Counsel shall receive any benefit, nor suffer any detriment, as a result.

18.4. Invalidation of any material portion of this Agreement shall invalidate this Agreement in its entirety unless the Parties shall agree in writing that the remaining provisions shall remain in full force and effect.

## 19. MISCELLANEOUS PROVISIONS

19.1. <u>Stay of Litigation.</u> Consistent with this Agreement between Named Plaintiffs and Defendants, the Parties agree to the stay of all discovery in the Litigation, pending the issuance of the Final Order.

19.2. <u>No Interference</u>. Plaintiffs' Counsel, RoadLink's Counsel and Schneider's Counsel agree to take no action of any kind to interfere with any Class Member's decision whether or not to participate in this Settlement, or to otherwise obtain or secure benefits under this Agreement.

19.3. <u>Interpretation of the Agreement</u>. The Agreement will be interpreted and enforced under the laws of the State of Illinois, without regard to its conflict of laws provisions, except where federal law applies. Any claim regarding the enforcement of the Agreement will be resolved solely and exclusively in the U.S. District Court for the Northern District of Illinois.

19.4. <u>Parties In Interest/Assignment/Survival.</u> (A) Neither this Agreement nor any of the rights, interests or obligations under this Agreement shall be assigned, in whole or in part, by operation of law or otherwise, by Plaintiffs or the Class Members; (B) Defendants may assign all rights and interests in this Agreement, in whole or in party, by operation of law or otherwise; (C) the benefits under this Agreement shall inure to and may be enforced by Defendants, each of their directors and officers, successors, transferees and assigns; and (D) this Agreement shall be binding upon the Parties, their respective representatives, successors, heirs, executors, and administrators.

19.5.   <u>Final Agreement</u>.       The terms and conditions of this Agreement constitute the exclusive and final understanding and expression of all agreements between Plaintiffs and Defendants with respect to the resolution of the Litigation.   Named Plaintiffs, on their own behalf and on behalf of the Class they represent, and Defendants, accept entry of this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement.   This Agreement may be modified only by a writing signed by all Parties and approved by the Court.

19.6.   <u>Good Faith Cooperation</u>.       Named Plaintiffs and Defendants recognize that during the process of implementing the terms of this Agreement, issues not contemplated by the parties may arise. In that event, Named Plaintiffs and Defendants agree to exercise good faith in attempting to resolve such issues.

19.7.   <u>Counterparts.</u> This Agreement may be executed in one or more actual or facsimile counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

19.8.   <u>Authority</u>.       Each individual signing below warrants that she or he has the authority to execute this Agreement on behalf of the party for whom or which that individual signs.  The failure of any one party to sign this Agreement will not affect the enforceability of this Agreement.

19.9.   <u>Precedential Value</u>.    Neither this Agreement, nor any of its provisions, terms or conditions, constitutes an admission of liability or wrongdoing on the part of either party, and neither this Agreement, nor any of its provisions, terms or conditions shall be regarded as establishing a precedent, construed as an admission of liability or wrongdoing, or may be

introduced in any action or proceeding, except with regard to an action for breach of this Agreement.

19.10. <u>Media</u>. Plaintiffs and Class Counsel agree that they will not issue a press release relative to this Litigation or the Settlement or discussion resolution of the Litigation with the press.

19.11. <u>No Representations/Warranties Regarding Tax Treatment</u>. It is further understood and agreed that, in the event the Internal Revenue Service, or any other governmental entity, or any court or other tribunal of competent jurisdiction, alleges that any or all of the amounts paid to Plaintiffs and Class Members under this Agreement constitutes income for which any taxes remain due and owing, or that deductions should have been taken out for the benefit of the Payees, Plaintiffs and Class Members shall be responsible for the payment of such monies, and no Payee shall make no claim against any Defendant for payment of any such monies, or for the payment of any applicable interest or penalties.

**For Plaintiffs,**

_____
Christopher J. Williams
Workers Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604

Counsel for Plaintiffs

**For Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC,**

_____
Lisa Handler Ackerman
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
55 West Monroe St., Suite 3800
Chicago, Illinois 60603

Counsel for Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC,

**For Schneider Logistics, Inc. and Schneider Logistics Transloading and Distribution, Inc.**

_____
Peter Milianti
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601

Counsel for Schneider Logistics, Inc. and
Schneider Logistics Transloading and
Distribution, Inc.

**<u>EXHIBIT A</u>**
***Class List To Be Inserted***

## EXHIBIT B
## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION
*Hoffman et al. v. RoadLink Workforce Solutions, LLC et al., Case No. 12 C 7323*

**[Claims Admin to add date of First Mailing] 2015**

## CLAIM AND RELEASE FORM

If your name, address, or dates of employment are different from those shown below, print the corrections on the lines to the right.

Changes (if any):

<<NAME>>                    _____

<<ADDRESS>>                 _____

<<CITY>>,<<ST>><<ZIP>>       _____

Please provide your day and evening telephone numbers:

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___          ( ___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

 Area Code  Daytime Telephone Number          Area Code   Evening Telephone Number

**YOU MUST COMPLETE THIS FORM IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY.**
**INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED.**

I. INSTRUCTIONS:

    1.   **You must <u>sign</u> and <u>mail</u> this Claim and Release Form in order to be eligible for a monetary recovery. Your Claim and Release Form must be postmarked no later than 60 days from the date on the Claim Form or it will be rejected.**

    2.   If you move, please send the Claims Administrator your new address. It is your responsibility to keep a current address on file with Claims Administrator.

II. TO QUALIFY FOR YOUR SHARE OF THE SETTLEMENT AMOUNT, YOU MUST AGREE TO THE FOLLOWING CONDITIONS BY SIGNING AND DATING SECTION III.

I consent and agree to join this lawsuit for allegedly unpaid wages while an employee of Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC ("RoadLink") and assigned to perform work at the warehouse in Elwood, Illinois operated by Schneider Logistics, Inc. between May 1, 2012 to June 1, 2013, including any claimed overtime wages, minimum wages and/or other uncompensated time as well as any claim for liquidated damages and/or statutory damages arising from such allegedly unpaid compensation, whether or not I actually performed work while there. I agree to be bound by the collective and class action settlement in the above-referenced case. My signature constitutes a full release by me, on behalf of myself and my heirs, legatees, and personal representatives, of RoadLink, Schneider Logistics, Inc. and Schneider Logistics Transloading and Distribution, Inc. for all claims raised in this Litigation, including claims for minimum, overtime or other claimed wages, and for liquidated and/or statutory damages arising from such allegedly unpaid wages arising under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and all claims raised in the Litigation for payment of wages, statutory damages and/or liquidated damages arising under the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.* ("IDTLSA") for the period of May 1, 2012 to June 1, 2013.

__ __ __ __ __ __ __ ___ ___ ___ ___          _____

Employee Identification Number or Social Security Number          Former Names (if any)

III. <u>CLAIMANT SIGNATURE</u>:

I declare under penalty of perjury under the laws of the State of Illinois and the United States that the foregoing is true and correct and that I understand and agree to be bound by the terms of the above waiver and release. I hereby waive my right to object and/or opt out of the settlement class.

x_____          Date Signed: _____
       (Sign your name here)

---

**Note**: *YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A MONETARY RECOVERY.*

## EXHIBIT C [Abridged Notice]

## NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | ***Hoffman et al. v. RoadLink Workforce Solutions, LLC*** |
| **NORTHERN DISTRICT OF ILLINOIS** | ***et al.*** |
| **EASTERN DIVISION** | **c/o Settlement Services, Inc** |
| **CASE NO. 12 C 7323** | |

**Why You Are Receiving This Notice**

Records reflect that you were employed by Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC ("RoadLink") and assigned to perform work at the warehouse in Elwood, Illinois operated by Schneider Logistics, Inc. ("Schneider") between May 1, 2012 to June 1, 2013 and that you may not have been paid all earned compensation and/or wages, including minimum wages, overtime wages and other unpaid compensation in violation of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* and may not have received owed compensation and notices required by the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.* Accordingly, you may be eligible to participate in the settlement of this lawsuit by completing the attached claim form, with any supporting documentation, and timely mailing it to the Claims Administrator in the enclosed, pre-paid, self-addressed envelope..

**To receive your share of the Settlement Fund, you** must **mail the attached Claim and Release Form no later than 60 days from the date on the Claim and Release Form . The Claim and Release Form must be signed and returned, without alteration or amendment.**

**Please Note**: This is only a summary of the terms of the Settlement. A complete notice that provides the details of this lawsuit and settlement is available by contacting the Class Counsel at (312) 795-9120. **Your estimated recovery under this settlement for releasing your claims will be based on the following calculation:**

- Each class member who submits a timely and complete Claim and Release Form shall receive a minimum payment of One Hundred Dollars ($100.00) from the Class Settlement Fund.

- Each class member who submits a timely and complete Claim Form shall also receive a *pro rata* share of the remaining balance of the Class Settlement Fund based on the number of shifts each worked during the class period as determined by RoadLink's payroll records. The maximum amount received under this subsection shall be Ten Dollars ($10.00) per shift.

This is an estimated minimum payment. Your actual payment depends on many factors, and may be lower or higher than the estimate depending on the number of individuals who opt-out of this settlement.

**You may also exclude yourself from the Settlement or object to the terms of the Settlement.** Information on excluding yourself from the settlement or objecting to the terms of the settlement and directions on how to do so are provided in the Complete Notice. PLEASE REVIEW THE COMPLETE NOTICE PRIOR TO EXCLUDING YOURSELF FROM THE SETTLEMENT OR OBJECTING TO THE TERMS OF THE SETTLEMENT.

**SUBMIT THE ATTACHED CLAIM FORM WITH A POSTMARK NO LATER THAN _____ [60 days from mailing]**

## [Insert Exhibit B Claim Form Here For Self-Addressed, Postage Paid Mailer to Class Members]

<u>**EXHIBIT D**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT HOFFMAN, CURTIS TUCKER, | ) | |
| ERIK SKOGLUND, MICHAEL COMPTON | ) | |
| and AARON BRUCE, on behalf of themselves | ) | |
| and all other persons similarly situated, known | ) | |
| and unknown, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 12 C 7323 |
| v. | ) | |
| | ) | Judge Feinerman |
| ROADLINK WORKFORCE SOLUTIONS, | ) | |
| LLC, SCHNEIDER LOGISTICS, INC, and | ) | |
| SCHNEIDER TRANSLODAING AND | ) | |
| DISTRIBUTION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**NOTICE OF PENDENCY OF CLASS ACTION AND COLLECTIVE ACTION,
PROPOSED SETTLEMENTAND FAIRNESS HEARING**</u>

**TO:** All persons employed or hired by Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC ("RoadLink"), coded in RoadLink's payroll department to "IL-Elwood Schneider," and who were paid or agreed to be paid at an hourly rate, and were assigned by RoadLink to perform work at the warehouse in Elwood, IL operated by Schneider Logistics, Inc. whether or not the employee actually performed work, from May 1, 2012 to June 1, 2013.

> **Please Read This Notice Carefully. This Notice Relates to a Proposed Class Action Settlement of Litigation. If You Are a Class Member, It Contains Important Information as to Your Rights.**

> **IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS DESCRIBED BELOW, YOU MUST COMPLETE AND RETURN THE CLAIM AND RELEASE FORM TO THE CLAIMS ADMINISTRATOR WITH A POSTMARK DATE NO LATER THAN 60 DAYS FROM THE DATE ON THE CLAIM AND RELEASE FORM.**

**1.      What is this Notice about?**

This Notice is to tell you about the Settlement of a "class action" and "collective action" lawsuit that was filed against RoadLink, Schneider Logistics, Inc. and Schneider Logistics Transloading and Distribution, Inc. ("Schneider") (hereafter "Defendants") and to tell you about a "Fairness Hearing" before Judge Gary Feinerman on ▮▮▮▮▮▮, 2015 at ▮▮:▮▮ a.m. in Courtroom 2125 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois 60604, to determine whether the proposed settlement ("the Settlement") described in the Stipulation of Settlement fairly resolves the claims against Defendants as explained below.

**2.      What is the Lawsuit about?**

 On September 13, 2012, a class and collective action lawsuit was filed in the U.S. District Court for the Northern District of Illinois and is currently entitled *Hoffman et al. v. RoadLink Workforce Solutions, LLC et al.,* Case No. 12 C 7323, ("the Lawsuit.")

The Lawsuit asserts twelve (12) causes of action.  As background for Plaintiffs' claims, Plaintiffs claim that they were Day and Temporary Laborers covered under the Illinois Day and Temporary Labor Service Act, 820 ILCS 175/1, *et seq.* ("IDTLSA"), who were assigned by RoadLink, which acted a Day and Temporary Labor Services Agency covered IDTLSA, to perform work for Schneider, which acted as a Third-Party Client covered under the IDTLSA.

Counts 1 and 2 assert class-wide violations of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA") against RoadLink alleging that it failed to pay the federally-mandated minimum and overtime wages.  Counts 3 and 4 assert class-wide violations under the  Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") against RoadLink and Schneider alleging that RoadLink failed to pay the state-mandated minimum and overtime wages, and that Schneider is jointly liable.  Counts 5 asserts class-wide violations of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA") against RoadLink alleging that it failed to pay for all compensable time work and that Schneider is jointly liable.  Count 6 asserts class-wide violations of the IDTLSA, alleging that RoadLink failed to pay a minimum four-hour show-up  pay and that Schneider is jointly liable.  Count 7 asserts class-wide violations of the IWPCA alleging that RoadLink did not pay for accrued paid-time off.  Counts 8 and 9 assert class-wide violations of the IDTLSA against Schneider alleging that it failed to remit work verification forms and time records required under the Act.  Counts 10 and 11 assert class-wide violation of the IDTLSA against RoadLink alleging that it failed to remit employment notices and wage payment notices as required under the Act.  Count 12 pled individual retaliation claims against RoadLink by two Named Plaintiffs.

**3.      Why did I get this Notice?**

You received this Notice because the lawyers for the Plaintiffs and Defendants identified you as a person in the Class, defined as:

All persons employed or hired by Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC ("RoadLink"), coded in RoadLink's payroll department to "IL-Elwood Schneider," and who were paid or agreed to be paid at an hourly rate, and were assigned by RoadLink to perform work at the warehouse in Elwood, IL operated by Schneider Logistics, Inc., whether or not the employee actually performed work, from May 1, 2012 to June 1, 2013.

If you received this Notice, you are eligible to participate in the Settlement and may be eligible for compensation as described below.

**4. What is the "Settlement" and how was it agreed upon?**

The Settlement is a compromise of Plaintiffs' claims in the Lawsuit and is not to be construed as an admission of liability on the part of Defendants. The Court has granted preliminary approval of the Settlement, and the Named Plaintiffs and Defendants (collectively, "the Parties") are now seeking final Court approval, which is required for the Settlement to become effective. The Settlement includes a procedure for eligible persons to receive their share of the Class Settlement Amount. Plaintiffs believe that the claims asserted in the Lawsuit have merit. Defendants do not believe that the claims asserted in the Lawsuit have merit. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual allegations made against Defendants in this Lawsuit.

Substantial amounts of time, energy, and other resources have been devoted by the Parties in prosecuting and in defending the Lawsuit. Unless there is a Settlement, the Lawsuit will continue. In settlement negotiations, the Parties have taken into account the uncertainty of the outcome and the risk of litigation. In light of these factors, the Parties believe that the Settlement is the best way to resolve the Litigation while minimizing further expenditures.

The Parties and their attorneys believe that the Settlement is fair, reasonable, and adequate, and in the best interests of all Parties, including the Class.

**5. What are the terms of the Settlement?**

Defendants have agreed to pay a Settlement Amount of $125,000.00 (plus up to $2,000 for certain claims administration costs) as described in the Stipulation of Settlement to resolve all claims in this Lawsuit. Each class member shall be allocated a proportionate share of the Settlement Amount after the Settlement Fund has been reduced by: (1) $10,000.00 for total court-approved payments to the Named Plaintiffs for service awards and as consideration for executing full releases of all claims as to Defendants, (2) court approved attorneys' fees and reasonable costs; and (3) the costs of administering the settlement up through final approval of the Settlement. The Settlement Amount as reduced by the foregoing amounts is referred to in this Notice as the "Class Settlement Fund." Each Class Member, including the Named Plaintiffs, who timely files a claims form will be allocated a *pro rata* share of the Class Settlement Fund.

The combined total of any unclaimed Class Settlement Fund amounts and the amounts of the settlement checks that members of the class fail to cash or negotiate within 90 days of mailing, if any, shall revert to Defendant, RoadLink.

The specific and complete terms of the proposed Settlement are stated in the Stipulation of Settlement, a copy of which can be obtained by contacted the Clerk for the United States District Court, Northern District of Illinois, at the address in Section 13 below.

**6.      What am I entitled to recover under the Settlement?**

If the Settlement is approved by the Court, the settlement funds will be distributed in proportion to the relative amount of damages that each class member may have recovered if Plaintiffs had continued, and ultimately prevailed in, the litigation.

(1) Each class member, including each Named Plaintiff, who submits a timely and complete Claim and Release Form shall receive a minimum payment of One Hundred Dollars ($100.00) from the Class Settlement Fund.

(2) Each class member, including each Named Plaintiff, who submits a timely and complete Claim Form shall also receive a *pro rata* share of the remaining balance of the Class Settlement Fund based on the number of shifts each worked during the class period as determined by RoadLink's payroll records. The maximum amount received under this subsection shall be Ten Dollars ($10.00) per shift.

The Claims Administrator will pay settlement distributions directly to eligible claimants. The payment made to each class member shall be treated as half for settlement of claims for owed wages, subject to payroll tax withholdings for which the Claims Administrator shall issue an IRS Form W-2, and half as claims for liquidated and statutory damages, for which the Claims Administrator shall issue an IRS Form 1099.

**7.      How do I receive a Settlement Award?**

To receive a part of the Class Settlement Fund, you must complete and sign the Claim and Release Form without altering or changing it, and return it to the Claims Administrator, Settlement Services, Inc. postmarked no later than 60 days from the date the Claim and Release Form was mailed to you – the date indicated on the Claim and Release Form.  *If you do not timely complete and return a signed and completed Claim and Release Form, you will not receive a monetary settlement payment.*

**8.      Am I required to participate in the Settlement?**

No, you may do nothing and you will remain a member of the class and bound by the Settlement but you will not receive a check.

No, you may "opt-out" of the Settlement if you comply with the opt-out procedure.  To opt-out, you must file with the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn, 20th Floor, Chicago, IL 60604, a written statement expressing your desire to be excluded from the Settlement in *Hoffman et al. v. RoadLink Workforce Solutions, LLC et al.,* Case No. 12 C 7323, no later than sixty (60) days from the date the Claim and Release Form was mailed to you- the date on the Claim and Release Form.  The statement must include (1) your name, (2) current address and current telephone number, and (2) specifically

state your desire to be excluded from the settlement. You may also include the last our digits of your social security number.

**If you opt-out of the Settlement you will not recover any money as part of this Settlement.** You may, however, pursue other legal remedies apart from the Settlement that may be available to you. Neither the Parties nor their attorneys make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out. **YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

You must mail copies of the "opt-out" statement to Class Counsel <u>and</u> to Defendants' Counsel at the addresses listed below.

| **Class Counsel** | **Counsel for Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC** |
|---|---|
| Christopher J. Williams | |
| Alvar Ayala | Lisa Handler Ackerman |
| Workers Law Office, P.C. | Wilson, Elser, Moskowitz, Edelman & Dicker, LLP |
| 53 W. Jackson Blvd, Suite 701 | 55 West Monroe St., Suite 3800 |
| Chicago, Illinois 60604 | Chicago, Illinois 60603 |

**Counsel for Schneider Logistics, Inc. and Schneider Logistics Transloading and Distribution, Inc.**
Peter Milianti
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601

## 9. When is the Court hearing to determine if the Settlement is fair?

The Fairness Hearing will be held before the Honorable Judge Gary Feinerman on_____, 2015 at __:__ a.m. in Courtroom 2125 of the United States District Courthouse located at 219 South Dearborn Avenue, Chicago, Illinois 60604. The Fairness Hearing may be continued from time to time as the Court may direct, without further notification.

If you are a member of the Class, you will be bound by the proposed Settlement if it is approved, unless you opt-out by making a timely opt-out request as described in Section 8 above..

## 10. What is the Fairness Hearing and do I need to attend?

The purpose of the Fairness Hearing in this case is to determine whether the proposed Settlement of the Lawsuit is fair, reasonable, and adequate, and whether the proposed Settlement should be finally approved by the Court and the Lawsuit dismissed. **Any member of the Class who is satisfied with the proposed Settlement does not have to appear at the Fairness Hearing.**

Any member of the Class who has not validly and timely opted-out of the Settlement but who objects to the proposed Settlement may appear in person or through counsel at the Fairness Hearing and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate, or why a final judgment should or should not be entered dismissing the Lawsuit with prejudice. No attorneys' fees will be paid by Defendants to an objector's counsel for any work related to an objection to this Settlement.

No member of the Class will be heard or entitled to object to the Settlement and no papers or briefs submitted by any such Class Member will be received or considered by the Court, unless no later than _____, 2015, the member of the Class files with the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, 20th Floor, Chicago, IL 60604, and serves upon Class Counsel and Counsel for Defendants, a written notice of intention to appear at the Fairness Hearing and include copies of all papers and briefs proposed to be submitted at the Fairness Hearing. Any documents filed with the Court must be mailed to Class Counsel and Defendants' Counsel at the addresses listed in Section 8 above.

Members of the Class who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.

**11.    What rights am I giving up if I participate in the Settlement?**

Members of the Class who do not opt-out of the Settlement (whether or not such members submit claims) will release and discharge, on behalf of themselves and their heirs, legatees and personal representatives, Defendants Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC, Schneider Logistics, Inc. and Schneider Logistics Transloading and Distribution, Inc. for all claims raised in the Lawsuit, including all claims for minimum, overtime or other claimed wages, and for liquidated and/or statutory damages from such allegedly unpaid wages arising under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.,* the Illinois Minimum Wage Law 820 ILCS 105/1, *et seq.,* and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.,* and all claims raised in the Lawsuit for payment of wages, statutory damages and/or liquidated damages arising under the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq* ("IDTLSA") for the period of May 1, 2012 to June 1, 2013.

**12.    How are the lawyers for the Settlement Class paid?**

Class Counsel will petition the Court for reimbursement of reasonable attorneys' fees and costs from the Settlement Amount, for all past and future legal work and costs incurred in this Litigation through final approval of the Settlement as set forth in the Stipulation of Settlement.

**13.    What if the Court does not approve the Settlement?**

If the Court does not approve the Settlement, the case will proceed as if no Settlement has been attempted, and there can be no assurance that the class will recover more than is provided for in the Settlement, or indeed, anything.

**14.   Can I review a copy of the Settlement or other papers that were filed with the Court?**

Yes, for a detailed statement of the matters involved in the Lawsuit and the proposed Settlement, you may review the pleadings and other papers filed in the Lawsuit, which may be inspected at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours of each court day. In addition, you may also contact Class Counsel to review copies of the settlement papers filed with the Court. All inquiries by Class Members about the Settlement should be directed to Class Counsel, or Defendants' Counsel.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT.**

Dated: _____ BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**Note**: *YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A MONETARY RECOVERY.*

**EXHIBIT E-1**

**NAMED PLAINTIFF'S GENERAL RELEASE**

[Vincent Hoffman/Michael Compton/Erik Skoglund], and his heirs, executors, administrators, successors, representatives and legatees, ("Named Plaintiff"), in connection with and as part of the settlement of the matter entitled *Hoffman et al. v. RoadLink Workforce Solutions, LLC et al.,* Case No. 12 C 7323, pending in the United States District Court for the Northern District of Illinois (the "Class Action"), agrees that:

1.    <u>Consideration</u>. This General Release is provided in consideration for the payment to Named Plaintiff of Two Thousand Dollars ($2,000.00) as specified in the Settlement Agreement approved by the Court and executed by the Parties in connection with the Class Action.

2.    <u>No Consideration Absent Execution of this General Release</u>. Named Plaintiff understands and agrees that Named Plaintiff would not receive the monies and/or benefits specified in Paragraph 1 above, except for Named Plaintiff's execution of this General Release and the fulfillment of the promises contained herein.  Should Named Plaintiff fail to sign this General Release, or should he revoke this General Release, then Named Plaintiff has no right to receive any payments under the Settlement Agreement.

3.    <u>Revocation.</u> This Release and Waiver of Claims shall be revoked if the Settlement Agreement is not finally approved.

4.    <u>General Release of All Claims</u>. Named Plaintiff, on behalf of himself/herself and his/her heirs, executors, administrators, successors, representatives and legatees, hereby releases and discharges the Released Parties (as such term is defined in the Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, debts, dues, interest, liquidated damages, penalties, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, judgments, or suits of any kind, whether known or unknown, which Named Plaintiff has, has had or may have arising from his employment with Defendants, regarding any acts or omissions that have occurred from the beginning of time through the Effective Date of the Settlement Agreement. Without limiting the generality of the foregoing, this release includes but is not limited to: (i) any claims or allegations asserting discriminatory termination, harassment, or retaliation; (ii) all claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.,* the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.,* Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.,* the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq.*, the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq.*, the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq.*, and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq.*; (iii) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract

or otherwise. This Release does not apply to claims that may arise against Released Parties after the date of execution of this agreement. This Release may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the Released Claims. Defendants affirmatively reserve all rights, claims and defenses, which may be raised in any subsequent proceeding, including, but not limited to, *res judicata* and claim preclusion.

6. <u>Acknowledgments and Affirmations</u>. Named Plaintiff affirms that Named Plaintiff has not filed, caused to be filed, or presently is a party to any claim against Defendants except this Class Action.

7. <u>Governing Law and Interpretation</u>. This General Release shall be governed and conformed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. Should any provision of this General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision will be null and void, leaving the remainder of this General Release in full force and effect.

8. <u>Non-Admission of Wrongdoing</u>. The Parties agree that neither this General Release nor the furnishing of the consideration for this General Release shall be deemed or construed at any time for any purpose as an admission by Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. <u>Amendment</u>. This General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this General Release.

The Parties knowingly and voluntarily sign this General Release as of the date(s) set forth below:

**Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC**,

_____      By:_____
      **Named Plaintiff**

                                                  Its:_____

Date:_____      Date:_____

**Schneider Logistics, Inc.,**      **Schneider Logistics Transloading and Distribution, Inc.,**

By:_____      By:_____

Its:_____      Its:_____

Date:_____      Date:_____

## EXHIBIT E-2

## <u>NAMED PLAINTIFF'S GENERAL RELEASE</u>

[Curtis Tucker/Aaron Bruce], and his heirs, executors, administrators, successors, representatives and legatees, ("Named Plaintiff"), in connection with and as part of the settlement of the matter entitled *Hoffman et al. v. RoadLink Workforce Solutions, LLC et al.*, Case No. 12 C 7323, pending in the United States District Court for the Northern District of Illinois (the "Class Action"), agrees that:

1.  <u>Consideration</u>. This General Release is provided in consideration for the payment to Named Plaintiff of Two Thousand Dollars ($2,000.00) as specified in the Settlement Agreement approved by the Court and executed by the Parties in connection with the Class Action.

2.  <u>No Consideration Absent Execution of this General Release</u>. Named Plaintiff understands and agrees that Named Plaintiff would not receive the monies and/or benefits specified in Paragraph 1 above, except for Named Plaintiff's execution of this General Release and the fulfillment of the promises contained herein. Should Named Plaintiff fail to sign this General Release, or should he revoke this General Release, then Named Plaintiff has no right to receive any payments under the Settlement Agreement.

3.  <u>Revocation.</u> This Release and Waiver of Claims shall be revoked if the Settlement Agreement is not finally approved.

4.  <u>General Release of All Claims</u>. Named Plaintiff, on behalf of himself/herself and his/her heirs, executors, administrators, successors, representatives and legatees, hereby releases and discharges the Released Parties (as such term is defined in the Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, debts, dues, interest, liquidated damages, penalties, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, judgments, or suits of any kind, whether known or unknown, which Named Plaintiff has, has had or may have arising from his employment with Defendants, regarding any acts or omissions that have occurred from the beginning of time through the Effective Date of the Settlement Agreement. Without limiting the generality of the foregoing, this release includes but is not limited to: (i) any claims or allegations asserting discriminatory termination, harassment, or retaliation; (ii) all claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.,* the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.,* Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.,* the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq.*, the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq.*, the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq.*, and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq.*; (iii) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and

12

(iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise. This Release does not apply to claims that may arise against Released Parties after the date of execution of this agreement. This Release may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the Released Claims. Defendants affirmatively reserve all rights, claims and defenses, which may be raised in any subsequent proceeding, including, but not limited to, *res judicata* and claim preclusion.

6. <u>Acknowledgments and Affirmations</u>. Named Plaintiff affirms that Named Plaintiff has not filed, caused to be filed, or presently is a party to any claim against Defendants except this Class Action.

7. <u>Governing Law and Interpretation</u>. This General Release shall be governed and conformed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. Should any provision of this General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision will be null and void, leaving the remainder of this General Release in full force and effect.

8. <u>Non-Admission of Wrongdoing</u>. The Parties agree that neither this General Release nor the furnishing of the consideration for this General Release shall be deemed or construed at any time for any purpose as an admission by Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. <u>Medicare Release.</u> Named Plaintiff affirmatively states that he has not received any payments from Medicare or any other government-sponsored program for any of the health care bills or treatment arising out of or related to her allegations in the Class Action. Named Plaintiff further affirmatively represents that he will not be seeking any payments from Medicare or any other government-sponsored program for any health care bills or treatment arising out of or related to his allegations in the Class Action. Named Plaintiff agrees to defend and indemnify the Released Parties from and against any fine, penalty, suit, regulator, or administrative proceeding which may be caused by any false or incorrect statements made by him in this release.

Should a Medicare and/or Medicaid lien(s) currently exist or come to exist at any point within thirty (30) months from the date of the execution of this Agreement, Named Plaintiff hereby agrees to indemnify, reimburse, and hold harmless the Released Parties of and from any and all said lien(s), including attorney's fees, costs and expenses, incurred as a part of the enforcement of said lien(s) in the event that the lien(s) amounts are sought to be satisfied from the Released Parties or the Released Parties.

11. <u>Amendment</u>. This General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this General Release.

The Parties knowingly and voluntarily sign this General Release as of the date(s) set forth below:

**Pinnacle Workforce Logistics LLC f/k/a
RoadLink Workforce Solutions, LLC**,

_____     By:_____

          **Named Plaintiff**

                                                Its:_____

Date:_____     Date:_____

**Schneider Logistics, Inc.,**     **Schneider Logistics Transloading
and Distribution, Inc.,**

By:_____     By:_____

Its:_____     Its:_____

Date:_____     Date:_____

<u>**EXHIBIT F**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT HOFFMAN, CURTIS TUCKER, | ) | |
| ERIK SKOGLUND, MICHAEL COMPTON | ) | |
| and AARON BRUCE, on behalf of themselves | ) | |
| and all other persons similarly situated, known | ) | |
| and unknown, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 12 C 7323 |
| v. | ) | |
| | ) | Judge Feinerman |
| ROADLINK WORKFORCE SOLUTIONS, | ) | |
| LLC, SCHNEIDER LOGISTICS, INC, and | ) | |
| SCHNEIDER TRANSLODAING AND | ) | |
| DISTRIBUTION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER PRELIMINARILY APPROVING STIPULATION OF SETTLEMENT AND APPROVING CERTIFICATION OF A CLASS AND COLLECTIVE ACTION, FORM AND MANNER OF CLASS NOTICE AND SETTING A HEARING FOR FINAL<u> APPROVAL OF SETTLEMENT</u>**

Vincent Hoffman, Curtis Tucker, Erik Skoglund, Michael Compton and Aaron Bruce (collectively "Named Plaintiffs") and Defendants, Schneider Logistics, Inc., Schneider Logistics Transloading and Distribution, Inc. and Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC ("RoadLink") (collectively, the "Parties"), having reached a settlement in this matter on a class-wide basis, the Court having reviewed the Stipulation of Settlement ("Settlement Agreement") and the record in this Litigation, including the Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Stipulation of Settlement and for Approval of Class Certification, Form and Manner of Class Notice and Scheduling Hearing for Final Approval of Settlement,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable, and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.     The Court has jurisdiction over the subject matter of this lawsuit and the Parties, including the members of the Settlement Class, as defined below.

3.     The Court finds that the state law claims have met the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only. Furthermore, the Court finds that this matter has met the prerequisites for being certified as a collective action under the Fair Labor Standards Act ("FLSA") for settlement purposes only. The case is hereby certified, for purposes of settlement only, as a class action under Federal Rule of Civil Procedure 23(b)(3) and as a collective action under the FLSA. The Court hereby certifies the following class:

> All persons employed or hired by Pinnacle Workforce Logistics LLC f/k/a RoadLink Workforce Solutions, LLC ("RoadLink"), coded in RoadLink's payroll department to "IL-Elwood Schneider," and who were paid or agreed to be paid at an hourly rate, and were assigned by RoadLink to perform work at the warehouse in Elwood, IL operated by Schneider Logistics, Inc., whether or not the employee actually performed work, from May 1, 2012 to June 1, 2013.

4.     The Court appoints Plaintiffs Vincent Hoffman, Curtis Tucker, Erik Skoglund, Michael Compton and Aaron Bruce as Class Representatives and Christopher J. Williams and Alvar Ayala as Class Counsel. The Court finds that the Class Representatives and Class Counsel have provided adequate representation to the member of the class.  .

5.     The Court further approves of the Parties' proposed Notice of Class Action/Collective Action, Proposed Settlement and Hearing, and the manner in which notices will be given as provided in the Settlement Agreement.

6.     Within fourteen (14) days after the Filing Deadline, the Parties will submit to the Court any necessary documents for the Court's consideration of Final Approval of the Settlement Agreement, including any Motions, final calculations of settlement payments to the Class Members, and responses to any objections and/or comments.

7.     The Fairness Hearing is hereby scheduled to be held before the Court on _____, 2015 at __:__ a.m. in Courtroom 2125.

8.     Pending final approval of the Settlement Agreement, the prosecution and defense of the case is hereby stayed; the Class Representatives, all members of the Class, and each of them, and anyone who acts or purports to act on their behalf, shall not threaten, institute, commence or prosecute any action that seeks to assert claims against any Released Party related to the subject matter of this lawsuit.

9.     The Court reserves exclusive and continuing jurisdiction over this Litigation, the Class Representatives, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of this Order and the Settlement Agreement upon the entry of a Final Order by this Court granting final approval of the Settlement Agreement and dismissing this Litigation with prejudice, or in the event of an appeal of such Final Order, the final resolution of the appeal upholding the Final Order; (2) supervising the distribution of the Settlement Fund; and (3) resolving any disputes or issues that may arise in connection with this Litigation or the Settlement of this Litigation.

It is so ordered.

DATE: _____     _____
                                    The Honorable Gary Feinerman
                                    U.S. District Court Judge
                                    United States District Court for the
                                    Northern District of Illinois