# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT HOFFMAN, CURTIS TUCKER, ERIK SKOGLUND, MICHAEL COMPTON and AARON BRUCE, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 12 C 7323 Judge Feinerman |
| ROADLINK WORKFORCE SOLUTIONS, LLC, SCHNEIDER LOGISTICS, INC, and SCHNEIDER TRANSLOADING AND DISTRIBUTION, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
THEIR UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE
PARTIES' CLASS ACTION SETTLEMENT AGREEMENT AND FOR APPROVAL
OF CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY, FORM
AND MANNER OF CLASS NOTICE, AND SCHEDULING OF A FAIRNESS
HEARING FOR FINAL APPROVAL OF SETTLEMENT**

On August 4, 2015, this Court first heard Plaintiffs' Unopposed Motion for Preliminary

Approval of the Parties' Class Action Settlement Agreement and for Approval of Class

Certification for Settlement Purposes Only, the Form and Manner of Class Notice, and

Scheduling a Fairness Hearing for Final Approval of Settlement (hereafter "Motion"). Dkt. No.

130. At the initial hearing, the Court raised two concerns about Section 14 of the Settlement

Agreement (Dkt. No. 130-1):

1. whether it is proper for a class settlement involving a fee-shifting statute to provide

   for payment of attorneys' fees and costs under the "percentage of the common fund"

   method in light of the Seventh Circuit's recent holding in the matter of *Pierce v.*

1

*Visteon Corp.*, 2015 U.S. App. LEXIS 11333, 791 F.3d 782 (7th Cir., July 1, 2015); and, if so,

2. (2) whether Defendants' agreement not to oppose a petition for fees and costs by Plaintiffs' counsel for not more than one-third of the total settlement amount in light of the Seventh Circuit's holding in *Redman v. Radioshack Corp.*, 768 F.3d 622, 2014 U.S. App. LEXIS 18181 (7th Cir. 2014).

For the reasons set forth below, the Settlement Agreement proposed by the parties is not at odds with either decision.

## I.      COMMON FUND DOCTRINE STILL APPLICABLE IN THIS CIRCUIT

In this circuit, the "percent of the common fund" doctrine is still an acceptable method of determining compensation for attorneys' in class actions, even in cases arising under fee-shifting statutes. In 1984, the Supreme Court observed that, under the common fund doctrine, "a reasonable fee is based on a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). Since *Blum*, a majority of the circuits, including this circuit, have affirmed that the "percentage of the common fund" method is available to the district court. *Blackburn v. Sundstrand Corp*., 115 F.3d 493, 494 (7th Cir. 1997). See also *Florin v. Nationsbank, N.A*., 34 F.3d 560, 566 (7th Cir. 1994)("We therefore reiterate the law of this circuit that in common fund cases, the decision whether to use a percentage method or a lodestar method remains in the discretion of the district court."); *Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 247 (7th Cir. 2014)(affirming *Florin* is still good law and, in common fund cases, the district court has discretion to use a percentage method or a lodestar method in determining attorneys' fees); *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 748, 2011 U.S. App. LEXIS 684, *19 (7th Cir. 2011)(Court increasing award of

attorneys' fees under the "percent of the fund" doctrine in a case involving fee-shifting statute, the Fair Credit Reporting Act ("FCRA")).

"The common fund doctrine rests upon the perception that persons who obtain the benefit of a lawsuit without contributing to its costs are unjustly enriched. Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). See also, *Sutton v. Bernard*, 504 F.3d 688, 691-692 (7th Cir. Ill. 2007)(*citing Skelton v. General Motors Corp*., 860 F.2d 250, 252 (7th Cir. 1989))(common fund doctrine is based on the equitable notion that those who have benefited from litigation should share in its costs principles and "properly control a case which is initiated under a statute with a fee shifting provision, but is settled with the creation of a common fund")(internal quotations omitted). When determining a reasonable fee in a class action settlement, courts in this circuit typically use the percentage basis rather than a lodestar or other basis. *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998). In fact, post-*Pierce*, this Honorable Court granted final approval of a similar class action wage and hour settlement in which class counsel was awarded fees based on the "percent of the common fund" doctrine. *See Zolkos v. Scriptfleet, Inc.,* 2015 U.S. Dist. LEXIS 91699, *7 (N.D. Ill. July 13, 2015)(After considering class counsel's briefing on implication of *Pierce* to common fund doctrine, court granted final approval to settlement, awarding class counsel one third of the common fund for attorneys' fees and costs.)

### a. *Pierce* Bars Double-Recovery of Attorneys' Fees

On July 1, 2015, after the parties had reached a settlement in this matter with the assistance of retired Magistrate Judge Denlow, the Seventh Circuit decided *Pierce v. Visteon Corp*. 2015 U.S. App. LEXIS 11333, 791 F.3d 782 (7th Cir., July 1, 2015). However, the

holding in *Pierce* does not preclude awarding fees as a "percentage of the common fund" where class counsel has not already been awarded fees pursuant to the fee-shifting provision of the statute but rather bars an attorney from recovering twice. The facts in *Pierce* are unique and the holding should be read narrowly. In *Pierce*, the panel hearing the case held that a lawyer in an ERISA class action could not recover an award of attorneys' fees based on the "percentage of the common fund" method because, unlike in the instant matter, the district court had already awarded Plaintiffs' attorney his "reasonable" fees in the amount of $302,780 based on a lodestar calculation pursuant to the fee-shifting provision of ERISA applicable to COBRA. *Id.* at *8-9 (citing to 29 USCS 1132(g)(1)). In addition to chastising plaintiffs' counsel for trying to recover twice in the case, the *Pierce* court criticized the attorney for seeking additional fees from the class without giving notice and an opportunity to hire new counsel to protect their interest. *Id*. at *9. Further, the *Pierce* court found that plaintiffs' counsel had "bungled the appeal, costing the class an opportunity to seek greater compensation. *Id*. at *11.

The *Pierce* court emphasized that, in seeking *a supplemental award* from the class (a second award of fees through the common fund on top of the fee-shifting provision), class counsel's position on appeal was directly adverse to his clients. *Id*. at *9 (emphasis added). The *Pierce* court held that "clients should not be ordered to pay counsel *who are compensated* under a fee-shifting statute". *Id*. at *9-10 (citing to *Evans v. Evanston*, 941 F.2d 473, 479 (7th Cir. 1991)) (holding that a district court *may* decline to allow plaintiff's attorney "*both* a recovery from the defendants and the common fund") (emphases added). Thus, in *Pierce*, the court merely took this *suggestion* made in *Evans* of barring double-recovery of attorneys' fees in class actions and made it a holding. *Id*. at *10.

In the instant matter, under the parties' Settlement Agreement, Plaintiffs' counsel agreed to seek no more than one-third of the common fund for attorneys' fees and costs, which can be

no more than $41,666.67.[1] Even at this stage of the litigation in this 2012 case, Plaintiffs'

counsel's fees are already in excess of the agreed-upon agreed and are likely to be well above

that amount at the time of final approval, should this Court so grant. Under the Agreement,

Plaintiffs' counsel will only be compensated under the "percent of the common fund" doctrine

and will not be compensated under the fee-shifting provision the FLSA. *Pierce* does not change

this circuit's longstanding approval of the "percent of the fund" doctrine in class actions cases,

including those involving fee-shifting statutes and, thus, the parties' agreement is not at odds

with the holding in *Pierce*.

### b. Narrow Reading of *Pierce* Consistent with Longstanding Support of Common Fund Doctrine in this Circuit

The Seventh Circuit has held for decades that the "percentage of the common fund"

doctrine is an appropriate method of determining attorneys' fees awards in cases involving fee-

shifting statutes and that such determination should be left to the district court discretion. *Florin*

*v. Nationsbank, N.A.*, 34 F.3d at 566. In *Florin*, the court held that, in an ERISA case, "the terms

of ERISA's fee-shifting provision do not purport to control fee awards in cases settled with the

creation of a common fund, nor does the operation of common fund principles in this case

conflict with the provision's intended purpose." *Id.* at 563. The *Florin* court concluded, "We

therefore reiterate the law of this circuit that in common fund cases, the decision whether to use a

percentage method or a lodestar method remains in the discretion of the district court." *Id.* at 566.

The *Florin* court went on to say, "We recognize…that there are advantages to utilizing the

percentage method in common fund cases because of its relative simplicity of administration.

However, because of the district court's familiarity with this litigation, we leave the decision as

to which method is the most efficient and suitable to this case up to the district court. *Id.*

---

[1] For the reasons discussed below, at the conclusion of this matter, Plaintiffs' counsel will actually seek no more than one-third of the settlement amount that benefits the class pursuant to *Redman*, at 629 – 630.

As recently as 2014, the Seventh Circuit has affirmed that Florin "is still good law" and that the district court has discretion to use a percentage method or a lodestar method in determining attorneys' fees. *Americana Art China Co. at* 247 (7th Cir. 2014)(case involving fee-shifting "fax-blast" statute TCPA). See also *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 748, 2011 U.S. App. LEXIS 684, *19 (7th Cir. 2011)(Court approving award of fees under the "percent of the fund" doctrine and increasing award in case involving fee-shifting statute, the Fair Credit Reporting Act ("FCRA")); *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007) (awarding fees under "percent of the common fund" doctrine in case involving fee-shifting anti-trust statutes); *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001)(awarding fees under "percent of the common fund" doctrine in case involving fee-shifting RICO and anti-trust statutes); *Cook v. Niedert*, 142 F.3d 1004, 1012 (7th Cir. 1998)(affirming the district court has discretion to determine best method to compensate attorneys, common fund or lodestar, in ERISA case with fee-shifting provision); *Skelton v. General Motors Corp.*, 860 F.2d 250, 252 (7th Cir. 1989)(common fund doctrine properly applied in Magnuson-Moss Warranty Act case).

Clearly, a broader reading of the *Pierce* case would conflict with the longstanding case law in this circuit permitting the awarding of attorneys' fees through the "percent of the common fund" doctrine, including where a case arises under a fee-shifting statute. In this circuit, it takes a circulation to the full court under Circuit Rule 40(e) for one panel to overrule another. *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). *See* also *Brooks v. Walls*, 279 F.3d 518, 522, 2002 U.S. App. LEXIS 1556, *7 (7th Cir. Ill. 2002)(Overruling a precedent requires recognition of the decision to be undone and circulation to the full court under Circuit Rule 40(e)). *Pierce* did not overrule the long precedent in this circuit giving the district court discretion in discretion to determine best method to compensate attorneys, common fund or lodestar.

**c.  *Pierce* Applies Only Where Judgment Has Been Entered**

6

Finally, Pierce only applies in cases where fees are awarded to a party who has prevailed and won a judgment. In the *Pierce* appeal, the plaintiffs had prevailed at trial, won a judgment and the plaintiffs' counsel was awarded attorneys' fees pursuant to the fee-shifting provision of ERISA. 29 USCS 1132(g)(1). *Id.* at *8. However, in this matter, recognizing the mutual risks inherent in this claim for payment of allegedly uncompensated "off-the-clock" work time, the parties engaged in a settlement conference and reached an arms-length settlement of the matter with the assistance of Judge Denlow. However, there was no judgment in this matter and, thus, the fee-shifting provision of the FLSA does not apply. *See* 29 U.S.C. § 216(b) ("The court in such action shall, *in addition to any judgment awarded* to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and cost of the action.")(emphasis added). Plaintiffs did not obtain a judgment, are not the prevailing party and, thus, Plaintiffs' counsel is not entitled to an award of attorneys' fees pursuant to the fee-shifting provision of the FLSA. Rather, when the amount of the settlement in this case was negotiated, Defendants' offer was an "all in" global settlement offer, which included all aspects of relief to the class, including attorneys' fees and costs.

### d.  Use of Lodestar or Common Fund Approach to Fees in Court's Discretion

Any class action settlement, of course, requires approval of the court after assessing the value of the settlement to the class, including the reasonableness of the agreed-upon attorneys' fees for class counsel. *Redman v. Radioshack Corp*, 768 F.3d 622, 629 (7th Cir. 2014). But, as discussed, *supra*, that decision of whether to use a percentage method or a lodestar method remains in the discretion of this Court, as this Court did in approving, post-*Pierce*, final approval of a similar class action wage and hour settlement in which class counsel was awarded fees based on the "percent of the common fund" doctrine. *Zolkos v. Scriptfleet, Inc.,* 2015 U.S. Dist. LEXIS 91699, at *7.

In this case, in particular, the parties' agreed upon "percent of the common" fund approach to attorneys' fees is the better approach and should be endorsed by this Court. When Defendants made an offer of settlement, the offer was an "all in" global settlement offer, which also provided for the payment of attorneys' fees and costs through the "percent of the common fund" doctrine, subject to court approval. A decision not to approve the "percent of the common fund" approach agreed upon in these adversarial settlement negotiations would necessarily upset the settlement reached by the parties. Should Plaintiffs' counsel seek compensation of fees and costs through a lodestar method, the amount sought would exceed the cap agreed to in the settlement. Plaintiffs' counsel strongly believes that this Court would find fees and costs in excess of the $41,666.67 cap agreed to in the Settlement Agreement to be "reasonable" in this 2012 case. In any case, this is a possibility, thereby denying Defendants the certainty of a defined settlement amount. In such an event, either Defendants would have to pay a higher amount or the class would recover less. Neither is a good alternative to a settlement which provides good consideration for the members of the class.[2]

Therefore, Plaintiffs respectfully requests that this Court exercise its discretion to preliminary approve this Settlement Agreement which uses the "percent of the common fund" approach for payment of attorneys' fees and costs.

## II.    AS PART OF SETTLEMENT, PLAINTIFFS' COUNSEL WILL SEEK NO MORE THAN ONE-THIRD OF GUARANTEED SETTLEMENT AMOUNT

Under Section 14 of the parties Settlement Agreement in this matter, Plaintiffs' counsel has agreed not to seek more than one-third of the settlement amount. Dkt. No. 130-1, § 14. In

---

[2] As explained by Plaintiffs' counsel in open court on August 4, 2015, under Plaintiffs' theory of the case, the class would have recovered approximately $256,000 in back wages had Plaintiffs prevailed at trial (excluding statutory damages). Therefore, the settlement of $125,000 (less $10,000 in service awards and the cost of claims administration, estimated to be less than $10,000) is a good result, especially in light of the fact that Plaintiffs' claims are primarily "off-the-clock" claims for which no records exist.

other words, pursuant to the Agreement, the amount recovered by Plaintiffs' counsel is not determined by the Agreement, but is capped by the Agreement to protect the portion that will go to the class, regardless of how much more time is spent by Plaintiffs' counsel in ushering the Settlement through final approval and, if necessary, through any appeals. Defendants *have not agreed* that, as part of the Settlement, Plaintiffs' counsel will receive a specific amount for attorneys' fees and costs as a material term of the Agreement. *Id.* Rather, the amount of attorneys' fees to be received by Plaintiffs' counsel is in the discretion of this Court. *Redman v. Radioshack Corp.*, at 629.

Further, Plaintiffs' counsel is cognizant of the Seventh Circuit's admonition that, in "percent of the common fund" class action cases, the percent received by plaintiffs' counsel should be measured as a ratio of (1) the fee to (2) the fee plus what the class members received. *Id.* at 630. Therefore, at the time of final approval, should this Settlement be preliminarily approved, Plaintiffs' counsel will seek no more than the guaranteed settlement amount (the settlement amount less administrative costs and service awards to the named Plaintiffs). Thus, to the extent the Settlement Agreement is not clear, Plaintiffs' counsel can assure the Court that it will seek no more than one third of the guaranteed settlement amount as reimbursement for attorneys' fees in this matter.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs make the unopposed request that the Court: (i) grant this Motion for Preliminary Approval of the Stipulation of Settlement; (ii) approve class certification of the class defined herein; (iii) approve the Notice of Class Action, Proposed Settlement and Hearing; (iv) authorize notice to the Class; (v) set a date for the Fairness Hearing; (vi) enter the Proposed Order of Preliminary Approval attached to the Settlement Agreement (Dkt. No. 130-1) as Exhibit F; and (vii) grant all further relief deemed just and proper.

Respectfully submitted,

Dated: August 21, 2015

s/Christopher J. Williams
Christopher J. Williams
Alvar Ayala
Workers' Law Office, PC
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Attorneys for Plaintiff