IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT HOFFMAN, CURTIS TUCKER, ERIK SKOGLUND, MICHAEL COMPTON and AARON BRUCE, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>    Plaintiffs,<br><br> v.<br><br>ROADLINK WORKFORCE SOLUTIONS, LLC, SCHNEIDER LOGISTICS, INC, and SCHNEIDER TRANSLOADING AND DISTRIBUTION, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 12 C 7323<br>)<br>) Judge Feinerman<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANTS ROADLINK WORKFORCE SOLUTIONS, LLC, SCHNEIDER LOGISTICS, INC, AND SCHNEIDER TRANSLOADING AND DISTRIBUTION, INC.**

 Now come Plaintiffs, on behalf of themselves and other similarly situated persons, and move this Court for Final Approval of the Class Action Stipulation of Settlement between Plaintiffs and Defendants RoadLink Workforce Solutions, LLC, Schneider Logistics, Inc., and Schneider Transloading and Distribution, Inc. ("the Settlement"). In support of their Unopposed Motion for Final Approval, Plaintiffs state as follows:

 1. On September 8, 2015, this Court granted Preliminary Approval to the Parties' settlement of Plaintiffs' claims on behalf of themselves and of a class of other similarly situated employees for Defendant's alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, ("IMWL"), the

1

Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA") and the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*, ("IDTLSA"). Dkt. No. 139.

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. Final approval is appropriate where the court determines that a settlement is fair, adequate, and reasonable. *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 652 (7th Cir. 2005). In determining whether a settlement is fair, adequate, and reasonable, courts in the Seventh Circuit consider a variety of factors including:

   a. the strength of plaintiff's case, weighed against the settlement offer;
   b. the complexity, length, and expense of further litigation;
   c. the presence of collusion between the parties;
   d. the opinion of competent counsel;
   e. the reaction of class members to the proposal; and
   f. the stage of proceedings and discovery completed.

*In re Mexico Money Transfer Litig*., 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)). As explained in detail in Plaintiffs' supporting Memorandum of Law, the Parties' Stipulation of Settlement meets these factors and should be approved.

WHEREFORE, Plaintiffs respectfully requests that the Court enter a Final Order approving the Parties' Class Action Stipulation of Settlement in the form attached to Plaintiffs' Memorandum of Law in Support of Final Approval as Exhibit A.

                    Respectfully Submitted,

Dated: January 25, 2016

                    *s/Christopher J. Williams*
                    Christopher J. Williams
                    Alvar Ayala
                    Workers' Law Office, PC
                    53 W. Jackson Blvd., Suite 701
                    Chicago, Illinois 60604
                    (312) 795-9121

                    Attorneys for Plaintiff**s**